UNITED STATES of America ex rel. Norman S. MAISENHELDER

v.

Alfred T. RUNDLE, Respondent Superintendent State Correctional Institution.

Misc. No. M-2707.

United States District Court
E. D. Pennsylvania.
May 21, 1964.

Norman S. Maisenhelder in pro per.

WOOD, District Judge.

The petitioner is presently serving a life sentence in the State Correctional Institution, Philadelphia, Pennsylvania, pursuant to his conviction and sentence on March 8, 1954, for first degree murder. He never appealed this judgment, but he has exhausted his state habeas corpus remedies.[1]

The petition presents one question for our consideration, namely: Was the petitioner deprived of due process when unrepresented by counsel he entered a plea of guilty to murder at a preliminary hearing before a justice of the peace on April 1, 1953?

The petitioner was arrested on March 28, 1953, for the fatal shooting of his wife. On April 1, 1953, he entered his plea of guilty to murder as aforesaid without the advice of counsel. He never requested counsel at this time. Subsequently, on May 11, 1953, he was indicted on the charge of murder, and on May 25, 1953, the court appointed two lawyers to represent him. On November 30, 1953, the petitioner was arraigned before the court and in the presence of his counsel he entered a plea of guilty to the indictment. Following this proceeding, on December 17, 18 and 23, 1953, a hearing was conducted by two judges to fix the degree of his guilt and punishment. The court adjudged the petitioner guilty of murder in the first degree and fixed his punishment at life imprisonment.

In his short petition, Mr. Maisenhelder, at page 5, states that he " * * * did not know what his rights were or that he could have an attorney. Consequently, having no comprehension of what his legal rights were under the law, he entered a plea of guilty." [2] This brief statement sets forth his ground for setting aside his conviction as a nullity.

Pennsylvania law which provides for the appointment of counsel for persons accused of murder is of ancient vintage and antedates the present state constitution (Art. I, § 9, P.S.) or the 14th Amendment to the Federal Constitution: See Act of May 31, 1718, 1 Sm.L. 105, Section 4, 19 P.S. § 783. It was not until 1907 that compensation of counsel and certain expenses were provided for: Act of March 22, 1907, P.L. 31, as amended by the Act of April 6, 1949, P.L. 406, 19 P.S. § 784.

█ However, it has never been the law of Pennsylvania that the absence of counsel or failure to assign counsel to a

---

1. Commonwealth ex rel. Maisenhelder v. Rundle, 414 Pa. 11, 198 A.2d 565 (1964).

2. This statement is at variance with the criminal transcript of the preliminary hearing which states as follows: "And now, April 1, 1953, the defendant Norman S. Maisenhelder *is informed of his constitutional rights*, pleads guilty to the above charge."

defendant charged with a capital or non-capital crime at a *preliminary hearing* violates due process. Commonwealth v. Agoston, 364 Pa. 464, 72 A.2d 575 (1950); cert. denied 340 U.S. 844, 71 S.Ct. 9, 95 L.Ed. 619 (1950); Commonwealth v. Bryant, 367 Pa. 135, 79 A.2d 193 (1951); Commonwealth ex rel. Johnson v. Myers, 194 Pa.Super. 452, 169 A.2d 319 (1961), cert. denied 368 U.S. 960, 82 S.Ct. 405, 7 L.Ed.2d 391 (1961). Pennsylvania law requires that the assignment of counsel be *timely* and such assignment is *timely* when made before the defendant is arraigned. Commonwealth ex rel. Sheeler v. Burke, 367 Pa. 152, 157, 79 A.2d 654 (1951).

The fundamental differences which exist between a preliminary hearing and arraignment under Pennsylvania law are material in determining the importance of these proceedings. An exhaustive history of the preliminary hearing dating from the 15th Century to modern times is thoroughly explored in Commonwealth v. O'Brien, 181 Pa.Super. 382–400, 124 A.2d 666 (1956).

> "A preliminary hearing is held primarily to prevent the detention of a person for a crime which was never committed or of a crime with which there is no evidence of his connection. It is primarily to prevent a person from being imprisoned or required to enter bail when there is no evidence to support a charge against him." 10 P.L.E. Criminal Law, § 134; Commonwealth v. O'Brien, id., appeal dismissed 389 Pa. 109, 132 A.2d 265 (1957).

The action of a magistrate in holding a defendant is not a personal judgment. It is merely an order detaining for grand jury action such a defendant who subsequently receives ample notice of his trial and is accorded a full opportunity to defend. Commonwealth ex rel. DiDio v. Baldi, 176 Pa.Super, 119, 106 A.2d 910 (1954). An accused is not required to plead to the charge and a magistrate's statement in a criminal transcript regarding the evidence may be treated as surplusage and stricken since it is not an essential part of the transcript. Commonwealth v. Fullerton, 66 Montg. 105 (1950). It has been further held by the Pennsylvania Supreme Court that the absence of a preliminary hearing in a murder case does not deprive a defendant of any of his rights to due process. Commonwealth v. Brennan, 193 Pa. 567, 44 A. 498 (1899); and in another murder case it was so held where there had been only a coroner's inquest. Commonwealth ex rel. Bandi v. Ashe, 367 Pa. 234, 238, 239, 80 A.2d 62 (1951). When a defendant appears with counsel after he is *indicted* and enters a plea to the indictment he is held to have waived his right to a preliminary hearing. Commonwealth ex rel. Scasserra v. Maroney, 179 Pa.Super. 150, 115 A.2d 912 (1955); cert. denied 350 U.S. 940, 76 S.Ct. 314, 100 L.Ed. 820 (1956).

All of the above cases illustrate prevailing Pennsylvania law which does not regard a preliminary hearing as a "critical" stage of the criminal proceedings requiring the presence of counsel. However, when a defendant is *arraigned* on a charge of murder, then he is required to enter his plea to the indictment and it is at this time that Pennsylvania considers the absence of counsel a violation of due process. Commonwealth ex rel. Sheeler v. Burke, supra. It is at this juncture that rights are preserved or lost depending upon the character of the plea; therefore, the intelligent and experienced advice of counsel is imperative. A guilty plea at arraignment operates as an admission of guilt by the defendant and of all facts averred in the indictment and constitutes a waiver of all nonjurisdictional defects and defenses. Richardson v. Baldi, 139 F.Supp. 928 (M.D.Pa.1956). Such a plea of guilty to murder is sufficient to sustain the charge of murder in the second degree. Commonwealth v. Jones, 355 Pa. 522, 50 A.2d 317 (1947).

In establishing whether Mr. Maisenhelder was deprived of due process in not having counsel present when he pleaded guilty at the preliminary hearing he must allege facts in his petition that

show an element of unfairness entered into the case at that time and actively operated in the process concerning his conviction. Uveges v. Commonwealth of Pennsylvania, 335 U.S. 437, 442, 69 S.Ct. 184, 93 L.Ed. 127 (1948). No such allegation exists in the petitioner's application. This defendant, some six months after two attorneys were appointed to represent him, entered his plea of guilty in the presence of counsel at his arraignment. His guilty plea at the preliminary hearing was never used against him at the hearing before the two judges assigned to fix his degree of guilt and punishment. At no time did he request or attempt to change his plea and from our examination of the record the judgment and sentence were not influenced by the plea entered before the committing magistrate in the slightest degree.

This case is unlike the United States Supreme Court decisions relied upon by the petitioner: Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed. 2d 114 (1961); and White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963).

In Powell, the accused was charged with a capital crime and put in jeopardy of his life. No lawyer was appointed to represent him until a few moments before trial. The Court held that failure to appoint counsel and to give the defendant a reasonable opportunity to prepare his case, resulted in a denial of due process under the 14th Amendment to the United States Constitution.

In Hamilton, an Alabama defendant, who pleaded not guilty, was denied counsel at his arraignment which was a "critical" stage in a criminal proceeding under Alabama law. It is then that certain available defenses must be pleaded or be as irretrievably lost as when an accused represented by counsel waives a right for strategic purposes. The Court held that unlike other jurisdictions, arraignment in Alabama under the 14th Amendment requires that an accused, pleading to a capital charge, have counsel at his side. "Only the presence of counsel could have enabled this accused to know all the defenses available to him and to plead intelligently." Hamilton v. State of Alabama, supra, 368 U.S. at p. 55, 82 S.Ct. at p. 159.

In White, the petitioner, arrested on a charge of murder, pleaded guilty at a preliminary hearing before a Maryland magistrate without having the advice or assistance of counsel. Counsel was later appointed for him and he pleaded *not guilty* at his formal "arraignment." The prior plea of guilty at the preliminary hearing was introduced in evidence at his trial, and he was convicted and sentenced to death. The Supreme Court held that "whatever may be the normal function of the 'preliminary hearing' under Maryland law, it was in this case as 'critical' a stage as arraignment under Alabama law." The absence of counsel at the preliminary hearing was a violation of due process and did not depend upon a showing of prejudice.

In the instant case we have a petitioner who was protected at all "critical" stages of the criminal proceedings instituted against him. His petition makes the bare assertion that he was not advised of his constitutional rights to counsel at the preliminary hearing which allegation is specifically contradicted by the criminal transcript. (See footnote 2, supra.) Nothing in his petition or in the record of this case indicates to this Court that the absence of counsel at the preliminary hearing deprived the petitioner of due process under the 14th Amendment.

## ORDER

And now, this 21st day of May, 1964, the petition for a writ of habeas corpus is denied without a hearing.