UNITED STATES of America ex rel. Alfred PARKER

v.

David N. MYERS, Superintendent State Correctional Institution, Graterford, Pennsylvania.

Misc. No. 2758.

United States District Court
E. D. Pennsylvania.
Sept. 9, 1964.

Alfred Parker, pro se.

James C. Crumlish, Jr., Dist. Atty., Gordon Gelfond, Asst. Dist. Atty., Philadelphia, Pa., for defendant.

JOSEPH S. LORD, III, District Judge.

This is a habeas corpus proceeding. Petitioner has raised unsuccessfully in the state courts the argument that the denial of counsel at his preliminary hearing, at which he pleaded guilty, was a deprivation of his constitutional right to counsel. See Commonwealth ex rel.

Parker v. Myers, 414 Pa. 427, 200 A.2d 770 (1964).

■■ Lack of counsel at a preliminary hearing constitutes a denial of constitutional rights if, under the circumstances of the particular case, that hearing was a "critical" stage of the proceedings. In this sense, a preliminary hearing, not normally a critical stage under the procedure of a given state, can nevertheless become critical if events transpire which are likely to prejudice the trial. White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); DeToro v. Pepersack, 332 F.2d 341, 343 (C.A.4, 1964). In *White*, relator had plead guilty, without counsel, at the preliminary hearing. He later changed his plea and his uncounseled preliminary guilty plea was used against him. He was convicted. In reversing, the Court said, at page 60 of 373 U.S., at page 1051 of 83 S.Ct.:

"* * * Whatever may be the normal function of the 'preliminary hearing' under Maryland law, it was in this case as 'critical' a stage as arraignment under Alabama law. For petitioner entered a plea before the magistrate and that plea was taken at a time when he had no counsel. * * *"

In United States ex rel. Cooper v. Reincke, 333 F.2d 608 (C.A.2, 1964), speaking of *White*, the court said, at page 611:

"* * * It is clear that what made the preliminary hearing 'critical' was that a guilty plea had been entered and that the plea had been used against petitioner at trial. * * *"

■ The hearing and plea in this case partook of none of the elements of *White*. The relator did not change his plea, and an examination of the state record, which I have before me, shows that the preliminary plea was not used or introduced at the hearing to determine the degree of guilt. Hence, in the *White* sense, the hearing here was not a critical stage of the proceedings.

However, a preliminary hearing may, because of peculiarities of state procedural rules, be critical *per se*.

Thus, in Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), the Court reversed the conviction of a defendant unrepresented by counsel at the arraignment. The Court held that the arraignment was a critical stage in the Alabama criminal proceeding because certain rights were waived, if not raised at the arraignment. The Court said, at page 54, at page 158 of 82 S.Ct.:

"\* \* \* Whatever may be the function and importance of arraignment in other jurisdictions, we have said enough to show that in Alabama it is a critical stage in a criminal proceeding. What happens there may affect the whole trial. Available defenses may be as irretrievably lost, if not then and there asserted, as they are when an accused represented by counsel waives a right for strategic purposes. \* \* \*"

I cannot add to what the Supreme Court of Pennsylvania [1] and my Brother, Judge Wood [2] said as to the inherent nature of a magistrate's hearing in Pennsylvania. Suffice it to say, that unlike the arraignment in Alabama no rights are lost by pleading. Rather, the hearing is primarily to protect from imprisonment or the requirement of bail when there is no evidence to support a charge against the accused. Commonwealth v. O'Brien, 181 Pa.Super. 382, 124 A.2d 666 (1956). In United States ex rel. Cooper v. Reincke, supra, the court said, at page 612 of 333 F.2d:

"\* \* \* The Connecticut hearing in probable cause cannot, therefore, be characterized as critical as is arraignment in Alabama. Indeed, it can hardly be termed a proceeding against the accused; to the contrary, it appears to operate entirely for the accused's benefit. And the mere fact that an accused is required to plead does not in itself

demand a contrary conclusion where the plea entered is a self-serving denial of guilt. At trial, appellant had every opportunity to present any defense that was available initially. Under these facts failure to supply counsel at this stage in the proceedings cannot be said to be a deprivation of a constitutional right. \* \* \*"

So here, the nature of a Pennsylvania magistrate's hearing is such that it is not ordinarily a critical stage of the proceedings, and since nothing transpired to make it critical in this case, the lack of counsel abridged no constitutional right.

One other thing:

In *DeToro*, the relator argued that because he had no counsel at the preliminary hearing he was unable to cross-examine the witnesses there. Thus, he argued, he was unable to learn of the state's case and was deprived of this preliminary cross-examination for impeachment purposes at the trial. In disposing of this argument, the court said, at page 345 of 332 F.2d:

"Moreover, Maryland provides alternative methods of gaining the information sought by DeToro through cross-examination at the preliminary hearing. The State provides for the deposition of witnesses unable to attend a trial or hearing, for the production and inspection by the accused of material seized by the State from him or others, and for furnishing a list of the names and addresses of witnesses to be called by the State to prove its case in chief. These procedures are no more restrictive than those afforded the accused in the federal system, and in some ways more liberal. It appears, therefore, that DeToro had other means available whereby he could have obtained that which he claims he would have preferred to

---

1. Commonwealth ex rel. Maisenhelder v. Rundle, 414 Pa. 11, 198 A.2d 565 (1964).

2. United States ex rel. Maisenhelder v. Rundle, 229 F.Supp. 506 (E.D.Pa., 1964).

have gained through cross-examination. * * * "

 Similar alternatives are available in Pennsylvania, where names of witnesses must be endorsed on the indictment and where a defendant may depose out of state witnesses. 19 P.S. § 611. It is apparent that these are not complete alternatives. Thus, for example, if the Commonwealth had only two witnesses, both of whom testified at the magistrate's hearing and both of whom lived in Pennsylvania, the unrepresented defendant would not have the opportunity to cross-examine them until trial. However, it is not every disparity that rises to the stature of an impairment of constitutional rights. For example, while an indigent has a right to counsel at trial, he does not have the constitutional right to say who his counsel is to be.

The disparity here involved between the indigent without counsel and the nonindigent with counsel seems to me to be of the same nature. I believe that any asserted prejudice is more theoretical than real. In United States ex rel. Cooper v. Reincke, 333 F.2d 608 (C.A.2, 1964), the same question was implicitly involved and the court held that denial of counsel at a preliminary hearing similar to a magistrate's hearing was not a constitutional invasion. I reach the same conclusion.

 The defendant raises other issues: (1) that his confession, which was introduced at the hearing held to determine the degree of guilt, was coerced; (2) that his prior criminal record was introduced at the hearing; (3) that the hearing judge made an abusive remark. These questions, while suggested by relator's brief before the Pennsylvania Supreme Court, were not raised by relator at the habeas corpus proceeding in the Court of Common Pleas, and under Pennsylvania procedure, a point not raised below will not be considered on appeal. Clarion Borough Petition, 275 Pa. 175, 118 A. 765 (1922). Hence, it is apparent that no court in Pennsylvania

has yet considered these questions now raised here. The state courts must be given an opportunity to hold a hearing, if necessary, and rule on these questions. See United States ex rel. Berkery v. Rundle, 226 F.Supp. 579, 583 (E.D.Pa., 1964). The writ will be denied.