UNITED STATES of America ex rel. Albert GARY

v.

Edward J. HENDRICK, Superintendent Philadelphia Prisons.

Misc. No. 2908.

United States District Court
E. D. Pennsylvania.

Feb. 2, 1965.

---

2. See 50 Harv.L.Rev. 350.

Albert Gary, in pro. per.

GRIM, District Judge.

In this habeas corpus petition, relator, a state prisoner, asserts that his constitutional rights have been violated because

(1) he was illegally arrested without a warrant in 1963

(2) he was not provided with the assistance of counsel at his preliminary hearing on October 30, 1963 and

(3) he was not represented by "proper legal counsel" at his trial on December 23, 1963.

From an examination of relator's present and past (M–2865) petitions in this court and the relevant state records, it appears that relator on December 23, 1963 was tried and convicted in Quarter Sessions Court of Philadelphia County on two bills of indictment charging burglary (Bills No. 400 and 401 November Sessions, 1963). An appeal from these convictions to the Superior Court of Pennsylvania (October Term, 1964, No. 214) was dismissed on March 11, 1964 for failure to file briefs required by that. Court. No petition for an allocatur was. filed with the Supreme Court of Pennsylvania.

It further appears that relator filed a habeas corpus petition in the Court of Common Pleas of Philadelphia County (September Term, 1963, No. 3899) claiming that he was illegally arrested. This petition was marked "Withdrawn at Bar of the Court." Relator also alleges that he filed a habeas corpus petition in the Pennsylvania Supreme Court on September 9, 1964, but that the petition was returned to him "due to expiration of appeal time." Finally, a prior habeas corpus petition in this court (M–2865) rais-

ing the same claims that are made in the present petition, was denied for failure to exhaust state remedies available to petitioner.

■ Although it still does not affirmatively appear that relator has exhausted his state remedies with regard to the issue raised in this petition, no useful purpose will be served by permitting relator to burden the courts of Pennsylvania and this District with more petitions raising the same allegations as are raised in this petition, particularly since it is clear that relator's allegations are without any constitutional merit. The doctrine of exhaustion of state remedies was devised to avoid "unseemly collisions" with state courts "by allowing the state courts first opportunity to review alleged state abuses of federal constitutional rights", United States ex rel. Drew v. Myers, 327 F.2d 174, 183 (3d Cir. 1964). However, it is never an "indignity to state processes" to hold that the particular allegations of state abuses are clearly without merit. See In re Thompson's Petition, 301 F.2d 659, 660 (3d Cir. 1962).

■ Relator's assertion that he was illegally arrested, even if true, does not vitiate the constitutionality of his present confinement. Relator is deprived of his liberty today because he was found guilty of burglary and sentenced to imprisonment after indictment and fair trial, not because of any illegality in his initial arrest. Accordingly, no habeas corpus relief is presently available to relator on this claim. Delano v. Crouse, 327 F.2d 693 (10th Cir. 1964), cert. denied 377 U.S. 1004, 84 S.Ct. 1941, 12 L.Ed.2d 1053 (1964); United States ex rel. Hazen v. Maroney, 217 F.Supp. 328 (W.D.Pa.1963); United States ex rel. Williams v. Myers, 196 F.Supp. 280 (E. D.Pa.1961).

■ Relator's second contention that he was deprived of the assistance of counsel at his preliminary hearing on October 30, 1963, likewise is without any constitutional merit. Lack of counsel at a preliminary hearing constitutes a denial of due process if under the circumstances of the case the preliminary hearing can be considered a "critical" stage in the criminal proceedings, i. e. a point where the rights of the defendant may be preserved or lost. White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963). However, there is nothing in Pennsylvania practice or the record of this case to indicate that relator's preliminary hearing was a critical stage of the proceedings against him requiring the presence of counsel. See United States ex rel. Maisenhelder v. Rundle, 229 F.Supp. 506 (E.D.Pa.1964); United States ex rel. Parker v. Myers, 233 F.Supp. 563 (E.D.Pa.1964).

■ Relator's final allegation that he was not represented by "proper legal counsel" at his trial on December 23, 1963, is clearly without merit. A reading of the official notes of testimony of the trial demonstrates that relator was competently and ably defended by Lewis P. Mitrano, Esq. of the Defender Association of Philadelphia.

Accordingly, relator's petition must be denied.