**UNITED STATES of America ex rel. Norman S. MAISENHELDER, Appellant,**

v.

**Alfred T. RUNDLE, Superintendent, State Correctional Institution, Philadelphia, Pennsylvania.**

No. 15032.

United States Court of Appeals Third Circuit.

Argued April 6, 1965.

Decided Aug. 25, 1965.

Leonard J. Talarico, Talarico & Polin, Philadelphia, Pa., for appellant.

A. Alfred Delduco, Dist. Atty., West Chester, Pa., for appellee.

Before GANEY and FREEDMAN, Circuit Judges, and KIRKPATRICK, District Judge.

GANEY, Circuit Judge.

The facts herein are comparatively simple and the legal problem posed is devoid of any complexity. Briefly, the matter concerns itself with the following: On March 28, 1953, the appellant,

Norman S. Maisenhelder, was arrested for the fatal shooting of his wife, placed in custody, was taken before an alderman in the City of Coatesville, Pennsylvania, and charged with murder. At this preliminary hearing on April 1, 1953, the appellant was not represented by counsel and entered a plea of guilty to the charge of murder. On May 23, 1953, the court appointed competent counsel to represent the appellant and, at their request, on September 9, 1953, the court appointed two physicians who made a psychiatric examination of the appellant. On November 30, 1953, he was arraigned in open court, at which time he was represented by counsel and again pled guilty to the general charge of murder. Testimony was taken to determine the degree of murder and on March 8, 1954, the court adjudged the appellant guilty of murder in the first degree, fixing the penalty at life imprisonment.

Nine years and four months later, the appellant filed a petition for writ of habeas corpus and asked the court to appoint counsel to represent him, which the court did, and a hearing was held on the writ on August 2, 1963, at Chester County, Pennsylvania. After hearing, the court denied the appellant's petition for the writ and an appeal to the Supreme Court of Pennsylvania was filed and, after hearing and argument, the decision of the Chester County Court was affirmed.

On April 23, 1964, the appellant filed a petition for a writ of habeas corpus and a petition to proceed in forma pauperis in the United States District Court for the Eastern District of Pennsylvania. On May 21, 1964, the District Court for the Eastern District of Pennsylvania, through Judge Harold K. Wood, filed a written opinion denying appellant's petition for a writ of habeas corpus. On May 28, 1964, the petitioner filed a notice of appeal. However, since the detention of the appellant arose out of process issued in the State court under 28 U.S.C. § 2253,[1] it is requisite that a certificate for probable cause issue before an appeal may be taken. Accordingly, this appeal was invalid. On June 5, 1964, a letter was written to the court below which might, in generous consideration thereof, be treated as an application for reconsideration and in the same, appellant asked for a certificate of probable cause. The lower court did not consider it as an application for reconsideration, but only as an application for a certificate of probable cause, and denied the same. On July 6, 1964, this court granted a certificate of probable cause.

We can only entertain jurisdiction here if we treat the application to the lower court for a certificate of probable cause on June 5, 1964, as a petition for reconsideration of the writ of habeas corpus. If we so do, the allowance of this court of the certificate of probable cause on July 6, 1964, was within the thirty-day statutory period, as July 5, 1964, fell on a Sunday. However, the record contains no notice of appeal and we can only acquire jurisdiction if we consider retroactively the notice of appeal filed on May 28, 1964, though invalid as hereinabove indicated, as a notice of intention to appeal at the time. Arguing the merits of the case in this court, the question was never raised by the Government nor any mention made at argument. However, since improper notice of appeal was filed, this court could dismiss the matter on jurisdictional grounds. However, since an appeal had been prematurely filed, though untimely, we will dispose of the contention on the merits in order to avoid further repetition by the petitioner.

The contention of the appellant is that the court below erred in denying the appellant's petition for writ of habeas corpus because he was denied due process of

**1.** This section, in part, reads as follows: "An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause."

law when he entered a plea of guilty to murder at a preliminary hearing before a Justice of the Peace on April 1, 1953, unrepresented by counsel, although on November 30, 1953, when arraigned in open court and represented by counsel, he entered a similar plea of guilty to the general charge of murder. It is the contention of counsel for the appellant that because he was not represented by counsel at the preliminary hearing before an alderman in the City of Coatesville, in Chester County, Pennsylvania, that he was deprived of his constitutional right to be represented by counsel by virtue of the Sixth Amendment and the Fourteenth Amendment, in that this was a critical stage of the proceeding. Appellant relies heavily on Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193.

In Powell v. State of Alabama, supra, where the accused was charged with a capital crime and his life was in jeopardy, no lawyer was appointed to represent him until immediately before trial and there the court held that failure to appoint counsel at a time when the defendant would have had a reasonable time to prepare his case, resulted in a denial of due process under the Fourteenth Amendment. As can be readily seen, the facts of this case are not suitable to the factual issue here involved, as counsel, on the date of his arraignment in open court on November 30, 1953, had ample opportunity to confer with counsel and, in fact, had two physicians make a psychiatric examination of him previous to his plea of guilty, which was similar to that which he entered previously, some six months earlier.

To the same effect is Hamilton v. State of Alabama, supra, wherein appellant was denied counsel at his arraignment which was held by the court to be a "critical" state in the criminal proceeding under Alabama law. Here again, the defendant was denied counsel at his arraignment which was not the situation in the case here under review.

In White v. State of Maryland, supra, while the petitioner pled guilty at a preliminary hearing before a magistrate in the State of Maryland, without having the advice or assistance of counsel, counsel was later appointed for him and he changed his plea to not guilty at his formal arraignment, and the court held that he was denied due process of law because here his prior plea of guilty in the preliminary hearing was introduced into evidence at his trial, which resulted in his conviction and being sentenced to death. Accordingly, the absence of counsel at the preliminary hearing and his plea of guilty thereat, which was later introduced into evidence despite the fact that at his formal arraignment he pled not guilty, is, in no wise, comparable to the factual situation here involved.

Here, the plea of guilty by the appellant at the preliminary hearing without counsel, was exactly the same as at his formal arraignment when he pled guilty with counsel and after a number of months during which both he and the counsel appointed by the court had ample opportunity to give due consideration to a plea. As stated by the court below, through Judge Wood, in dismissing the petition, this case was unlike any of the cases we have here above cited and, accordingly, they give no warrant for support on his behalf. Likewise, see United States ex rel. Parker v. Myers, Sup't., D.C., 233 F.Supp. 563, per curiam opinion affirmed by the Court of Appeals on the opinion of Judge Joseph S. Lord, III, 341 F.2d 303; United States ex rel. Cooper v. Reincke, 2 Cir., 333 F.2d 608.

In DeToro v. Pepersack, 4 Cir., 332 F.2d 341, wherein the court thoroughly reviewed the authorities above quoted, it is stated at 343: "In our view, Hamilton and White teach that an accused is denied rights afforded him under the sixth amendment when he is subjected to an arraignment or to a preliminary hearing without the assistance of counsel, where events transpire that are likely to prejudice his ensuing trial.

\* \* \* " In conformity with this point of view, we again reiterate that no prejudice resulted to the appellant by reason of his voluntary plea at the preliminary hearing. Additionally, a voluntary and intentional plea of guilty on the advice of counsel constitutes a waiver to any objection of prior proceedings which may also include violation of defendant's rights. See United States ex rel. Staples v. Pate, D.C., 222 F.Supp. 998; United States v. French, 7 Cir., 274 F.2d 397; United States v. Kniess, 7 Cir., 264 F.2d 353.

The denial of the writ of habeas corpus by the district court will be affirmed.

The Court expresses its thanks to counsel who briefed and argued the appeal on behalf of the appellant by appointment of the Court.