UNITED STATES of America ex rel.
William T. PATRICK, C-7581

v.

Alfred T. RUNDLE.

Misc. No. 3147.

United States District Court
E. D. Pennsylvania.

Dec. 22, 1965.

William T. Patrick, pro se.

No appearance entered for respondent.

JOSEPH S. LORD, III, District Judge.

The relator is a state prisoner who has been convicted and confined on four indictments charging forgery and one indictment charging burglary, larceny, and receiving stolen goods. He petitions for a writ of habeas corpus on a number of grounds. Each allegation will be considered separately.

*First.* Succinctly stated, the relator's allegation is that the preliminary hearing before his trial was conducted under circumstances amounting to a denial of due process of law and equal protection of the laws. Specifically, he complains that

he did not have the assistance of counsel at this hearing, that he did not then have the opportunity to confront his accusers, that the charges were not read to him there, and that an assistant district attorney, rather than the alderman, conducted the hearing.

██ A preliminary hearing in Pennsylvania, as has been pointed out many times before, is not ordinarily a "critical stage" of the criminal proceedings against a defendant within the meaning of Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L. Ed.2d 114 (1961). Its purpose is merely to determine whether there is sufficient evidence to support a charge against the accused. No rights are irretrievably lost at that stage if not asserted by the accused. The hearing is for the accused's benefit, and ordinarily there is no federal constitutional requirement of counsel at that stage. United States ex rel. Parker v. Myers, 233 F. Supp. 563 (E.D.Pa.1964), aff'd on opinion below, 341 F.2d 303 (C.A.3, 1965). Moreover, nothing that transpired at the hearing was used against Patrick at his trial or otherwise converted this preliminary hearing into a critical stage of his proceedings. Compare Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); Hamilton v. State of Alabama, supra. The relator pleaded not guilty and was convicted after trial. If the trial was fair, the manner in which the preliminary hearing was conducted is, for Fourteenth Amendment purposes, immaterial.

██ *Second.* The relator maintains that at his trial the Commonwealth knowingly suppressed evidence and used perjured testimony to convict him. The suppression of evidence allegation is, however, not supported by any coherently stated facts, certainly not by facts which would support an inference of knowing suppression. Compare Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The allegation is therefore insufficient. Cf. United

States ex rel. Alexander v. Myers, 631 F.Supp. 249, (E.D.Pa., September 23, 1965).

██ The allegation that perjured testimony was employed to convict the relator is stated as follows:

"At your Petitioner's trial, City Detective Don McCurdy testified under oath that your Petitioner was 'Bennett', a notorious forger who was wanted by the Police at the time for several forged check. In stating that your Petitioner was this man Bennett, Mr. McCurdy did commit perjury."

A perusal of the record is utterly persuasive that this misstatement, if such it was, and even if it was deliberate, was totally innocuous. Detective Sergeant McCurdy testified that the name Elijah Bennett, which the then-defendant had apparently written on a sheet of paper, along with several other names, to give the police a sample of his handwriting, was one of several "different aliases." McCurdy did not testify that Bennett was, in relator's words, a "notorious forger." He said no more about Bennett. His testimony about the name Bennett could not, therefore, have prejudiced the relator by giving the jury the impression he was Bennett the forger unless it also be assumed, quite preposterously, that the name and vocation of Elijah Bennett the forger were well known to the jury. The relator is long on conclusions and assumptions and short on facts to support them. In the instant case, the record on its face refutes the charge that relator's "imprisonment resulted from perjured testimony, knowingly used by the State authorities to obtain his conviction. * * *" Pyle v. State of Kansas, 317 U.S. 213, 216, 63 S.Ct. 177, 178, 87 L.Ed. 214 (1942).

██ *Third.* Relator contends that his sentence is a cruel and unusual punishment in violation of the Eighth Amendment because it was to begin at the expiration of another state court sentence imposed before he was convicted on the charges for which he is now imprisoned. This contention is unmeritori-

ous. Consecutive sentences pronounced simultaneously have been upheld (Barde v. United States, 224 F.2d 959 (C.A.6, 1959)), and there is no constitutional distinction between such sentences and a sentence which is to begin to run upon the expiration of a valid sentence imposed by a different court.

■ *Fourth.* Relator alleges that he "did not learn of the burglary charge until the day he was called for trial, as the burglary warrant was never read to your Petitioner and was not served on your Petitioner." The state record shows that a motion for continuance was granted on November 11, 1952, and that the trial was not held until February 9, 1953. The motion was signed by the relator himself, who was represented by counsel. The motion specifically referred to four bills of indictment, including the burglary indictment (No. 102), by number. The record thus refutes the relator's suggestion that he was prejudiced by a lack of information of the charges against him. This case is very different from cases such as Townsend v. Bomar, 351 F.2d 499 (C.A.6, 1965), in which the shortness of time to prepare for trial has been held to be a constitutional infirmity.

■ The relator's conviction for the crimes for which he is now imprisoned was affirmed on appeal, and a petition for habeas corpus has been denied by a Pennsylvania court. Some of the contentions raised by the relator in this court still have apparently not been presented to the state courts of Pennsylvania. However, inasmuch as they are clearly inadequate even to require the granting of a hearing, there would be little purpose served and much unnecessary duplication of effort involved in having the relator shuttle his petition over to the state courts. The "denial of [a] petition for habeas corpus on its merits remains permissible even though state remedies may not have been exhausted." Commonwealth of Pennsylvania ex rel. Craig v. Maroney, 348 F. 2d 22, 33 (C.A.3, 1965). The petition has no merit and so it is denied.