**UNITED STATES of America ex rel. William C. McVAIL**

v.

**Angelo C. CAVELL, Superintendent State Correctional Institution, Rockview.**

**Misc. No. 3381.**

United States District Court
E. D. Pennsylvania.

Nov. 16, 1966.

Michael J. Rotko, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

OPINION

LUONGO, District Judge.

William C. McVail was convicted in the Pennsylvania courts on charges of assault and battery, indecent assault, and burglary at a trial conducted in October 1965. He seeks habeas corpus relief in this court. It is not clear that McVail has exhausted state remedies,[1] but since careful examination of the state court record reveals that his complaints lack constitutional merit and afford no basis for habeas corpus relief, the petition will

---

1. Petitioner filed two pretrial petitions for writ of habeas corpus: C.P. No. 3, June Term, 1965, No. 2284 (dismissed without prejudice July 23, 1965, appeal dismissed December 6, 1965, No. 694, October Term, 1965 (Pa. Superior Ct.), allocatur denied July 25, 1966, No. 292–A, Misc. Docket No. 14 (Pa. Supreme Ct.)) ; C.P. No. 9, September Term, 1965, No. 522 (summarily dismissed; it is not indicated whether any appeal was taken from this dismissal.)

be dismissed on the merits rather than on the ground of failure to exhaust state remedies. United States ex rel. Drew v. Myers, 327 F.2d 174 (3d Cir.), cert. denied, 379 U.S. 847, 85 S.Ct. 88, 13 L.Ed. 2d 52 (1964); United States ex rel. Gary v. Hendrick, 238 F.Supp. 757 (E.D.Pa. 1965).

Petitioner has asserted four contentions which will be dealt with seriatim:

[1] 1. Illegal search of petitioner's home and seizure of a photograph of him.

Assuming arguendo that the photograph was illegally seized, this does not advance petitioner's cause since, as petitioner admits and as the trial transcript indicates, the photograph was suppressed at trial. While some testimony was admitted that the prosecution first identified petitioner by this photograph, the testimony was immaterial.

█ 2. Denial of counsel at the preliminary hearing or at some later undefined pretrial stage before a Magistrate.

Since there is no allegation or evidence that, at such pretrial proceedings, McVail pleaded guilty, or made any statement which in any way influenced the course of trial or in any other way caused such pretrial proceeding to become a critical stage of the proceedings against him, his constitutional rights were not violated by lack of counsel at such preliminary stages. See United States ex rel. Patrick v. Rundle, 248 F.Supp. 757, 758 (E.D.Pa.1965), and citation of authority therein; United States ex rel. Maisenhelder v. Rundle, 229 F.Supp. 506 (E.D.Pa.1964), aff'd, 349 F.2d 592 (3d Cir. 1965).

█ 3. Admission at trial of oral statements made by petitioner while being interrogated without counsel.

The trial court held a closed hearing pursuant to the requirement of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964) to determine the voluntariness of statements made by petitioner either immediately after his arrest or at some later point while under interrogation by police officers. From a review of the transcript of that hearing, I am satisfied that there is ample support for the conclusions of the trial court that the statements made by petitioner were voluntary and that the procedures used complied with Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

█ 4. Denial of right to have certain witnesses at trial.

McVail's petition does not identify the witnesses who were denied to him. The transcript indicates that before trial commenced, defense counsel identified three persons as possible witnesses. The court issued instructions for subpoenaes to be prepared and for service to be made by a County Detective. At the conclusion of the Commonwealth's case, at the request of McVail's counsel, there was a short recess to enable counsel to consult with McVail and the latter's wife. At the end of that conference, counsel announced that the defendant would not put on any evidence and rested. There is not the slightest intimation that McVail was denied the opportunity to produce witnesses in his defense or that his decision not to put on a defense was dictated in any degree by unavailability of witnesses.

It appearing clearly from the state court record that the grounds asserted for habeas corpus relief are without merit, the petition for writ of habeas corpus will be denied.