**UNITED STATES ex rel. Leonard
BOSTIC**

v.

**COMMONWEALTH OF PENNSYLVA-
NIA et al., Respondents.**

**Misc. No. 3418.**

United States District Court
E. D. Pennsylvania.

Jan. 4, 1967.

the Justice of the Peace on January 18, 1965; the indictments against him were obtained by fraud and conspiracy; his sentences exceded those for "a true crime of shop-lifting."

All of the above allegations were set forth in the relator's prior petition which he filed with the Common Pleas Court of Montgomery County. That court held a full, complete and fair evidentiary hearing on June 2 and August 15, 1966. See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); United States ex rel. McGrath v. LaVallee, 319 F.2d 308, 311–12 (2d Cir.1963). On December 23, 1966 Judge Groshens entered an Order dismissing the petition. We find it unnecessary to hold a further hearing. Habeas Corpus Act, 28 U.S.C. § 2254, as amended November 1966.

Leonard Bostic, in pro per.

No appearance for respondent.

## OPINION

JOHN MORGAN DAVIS, District Judge.

The relator is presently serving concurrent terms of eighteen months to six years for burglary, larceny and receiving stolen goods, imposed by the Court of Oyer and Terminer and General Jail Delivery of Montgomery County, Pennsylvania.[1] On two different occasions he and an accomplice had entered stores in Lower Merion Township, and had carried out a television.

His Habeas Corpus petition alleges that he is incarcerated unlawfully for the following reasons: he was never instructed as to the charges against him; the court should never have accepted his guilty pleas; his pleas of guilty were coerced; he was denied the effective assistance of counsel; his attorney and the assistant district attorney "entered into a plea arrangement neither were able to forfill [sic] [fulfill]"; he did not retain the attorney who represented him before

█ It seems to us preliminarily that the relator has not exhausted his state remedies as provided in 28 U.S.C. § 2254. While he has had a hearing before the state trial court, he still has a right to appeal to appropriate appellate courts of Pennsylvania. See "Post Conviction Hearing Act," Pa.Stat.Ann. tit. 19 § 1180–11". However, in order to expedite this petition which does not present any valid grounds for relief, we will now dispose of the allegations on their merits. We do not believe that under these circumstances we are interfering with federal-state comity. See United States ex rel. Drew v. Myers, 327 F.2d 174, 183 (3d Cir.1964), cert. denied 379 U.S. 847, 85 S.Ct. 88, 13 L.Ed.2d 52 (1964); United States ex rel. McVail v. Cavell, 262 F.Supp. 705, E.D.Pa., November 16, 1966; United States ex rel. Watson v. Commonwealth et al., 260 F.Supp. 474, E.D.Pa., November 15, 1966; United States ex rel. Gary v. Hendrick, 238 F. Supp. 757 (E.D.Pa.1965).

█ The relator's first claim that he did not know of the charges against him is patently unfounded. After he had

---

1. The numbers of the two sentences he is serving are No. 485 November Term 1964, Criminal Action No. 376 of 1965 and No. 486 November Term 1964, Criminal Action No. 374 of 1965.

obtained bail, he secured the services of Daniel L. Quinlan, Jr. a distinguished member of the Bar and a former Montgomery County Judge. At the state Habeas Corpus hearing, Mr. Quinlan stated that he had considered with the relator all the charges listed in the bills of indictment. We have reviewed these bills, and they clearly indicate the charges of burglary, larceny, receiving stolen goods, and conspiracy as well as other relevant data. We have no trouble in accepting the testimony of Mr. Quinlan over that of the relator.

■ Relator next contends that his guilty plea was coerced and that the court should not have accepted it. We find no evidence of mental or physical coercion. His attorney testified that the relator told him that he had committed the crimes but at first wanted to try to exonerate himself on the stand through perjury. Mr. Quinlan, to his credit, would have nothing to do with this scheme. He also believed that under the facts of the cases as he knew them, the relator had no defense, and he therefore advised him to plead guilty to the crimes. After much discussion with counsel, relator intelligently and voluntarily agreed to enter pleas of guilty to the charges now being called into question. See United States ex rel. Maisenhelder v. Rundle, 349 F.2d 592, 594–95 (3d Cir.1965).

■ We cannot agree with the relator that he was denied the effective assistance of counsel. Having reviewed all the available notes of testimony, we are convinced that Mr. Quinlan did a very competent job in representing him. In fact, counsel persuaded the court to reduce one of his sentences from three to six years in prison to eighteen months to three years.

■ The relator argues that his attorney and the assistant district attorney entered into an arrangement whereby the former agreed to plead him guilty in return for a sentence of six to twenty-three months. Mr. Quinlan emphatically denied any such deal. He stated that he recommended such a sentence to the prosecution and to the court, but he never promised the relator any specific sentence. The Assistant District Attorney did acquiesce in the recommendation, but the court refused to accept it. This is not a case where the defendant entered a guilty plea because of a promise of a light sentence. Cf. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); United States ex rel. McGrath v. LaVallee, supra; United States ex rel. Elksnis v. Gilligan, 256 F.Supp. 244 (S.D.N.Y.1966).

■ There is no doubt that the relator's sentence exceeds that for shoplifting which under Pennsylvania law is an offense with a maximum penalty of 10 days in prison and a $50.00 fine. Pa.Stat. Ann. Tit. 18 § 4816.1. However, we have no proof that he was not properly indicted and sentenced for burglary, larceny, and receiving stolen goods which carry much heavier penalties. Simply because his conduct may also have constituted shoplifting is no reason to deny the grand jury the right to indict him and the court to sentence him for more serious offenses arising out of the same incident.

■■ The relator contends that he had not retained the attorney who represented him before the Justice of the Peace when he waived the preliminary hearing. We are somewhat perplexed as to how this fact, even if true, in any way violated his constitutional rights. He did not enter a plea at the time and does not now claim that this attorney's assistance was ineffective. Moreover, the preliminary hearing is not a critical stage in the criminal proceedings in Pennsylvania. See White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); United States ex rel. Gary v. Hendricks, 238 F.Supp. 757, 759 (E.D.Pa.1965); United States ex rel. Parker v. Myers, 233 F.Supp. 563 (E.D.Pa.1964); United States ex rel. Masenhelder v. Rundle, 229 F.Supp. 506 (E.D.Pa.1964); aff'd 349 F.2d 592 (3d Cir.1965).

■ Finally, he argues that the indictments were obtained by fraud and conspiracy. He never set forth any facts

upon which he predicated this very serious charge. We find it utterly devoid of merit.

## ORDER

And now, this 4th day of January 1967, it is hereby ordered that the relator's petition for a Writ of Habeas Corpus be and the same is denied without a hearing.