**UNITED STATES of America ex rel. Edward SIMPSON, Relator,**

v.

**J. F. MARONEY, Superintendent State Correctional Institution Pittsburgh, Pennsylvania, Respondent.**

Civ. A. No. 67–212.

United States District Court
W. D. Pennsylvania.

May 22, 1967.

Edward Simpson, pro se.

Louis Abromson, Michael Dalfonso, Asst. Dist. Attys., County of Allegheny, Pittsburgh, Pa., for respondent.

MARSH, District Judge.

The relator, Edward Simpson, presented a petition for a writ of habeas corpus. His state remedies have been exhausted. He alleges violation of his constitutional rights guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Specifically, he alleges that he was arrested on October 10, 1958, for the murder of one Freda Jackson; that after prolonged questioning for four days, he gave to the police a signed confession; that the confession was coerced and involuntary and induced his plea of guilty to the charge of murder; that he was not advised that he could remain silent; that during his interrogation he requested counsel, which request was denied. He also avers that he was not given a preliminary hearing before a magistrate, nor was he arraigned before a magistrate promptly after his arrest, in violation of State law.

A rule was issued. A return was made by the respondent and an Answer was filed by the District Attorney. The latter also furnished to the court, in compliance with the direction of the court, the complete records of the case. The State records and the transcript of the hearing to determine the degree of guilt show

conclusively that relator is not entitled to the writ.

The relator was indicted for murder on December 16, 1958, in the Court of Oyer & Terminer of Allegheny County, Pennsylvania. On March 16, 1959, after being duly arraigned, he pleaded guilty generally to murder. His counsel was present. A hearing was held the same day at which he was represented by counsel. After the hearing, on March 17, 1959, the court adjudged him guilty of second degree murder and, after hearing relator's counsel, sentenced him to imprisonment for not less than 10 nor more than 20 years, which sentence he is now serving.

Strong circumstantial evidence disclosed in the transcript of the hearing points unerringly to the defendant's guilt. In addition, Joseph Flynn, Captain of detectives assigned to the Pittsburgh Homicide Section, testified that he had taken a statement from the prisoner on October 14, 1958, at 3:45 P.M., and that the statement was procured without threats, coercion, or promises of reward or leniency. The transcript does not disclose that relator was then warned of his right to remain silent or offered the assistance of counsel. When asked if the statement was voluntary, counsel for relators stated: "There is no contention that it was not a voluntary statement." The record shows that counsel in behalf of relator waived any objections to the taking of the statement (T., pp. 131–132). Thereupon, the statement, highly incriminating, was read into evidence. After the Commonwealth rested, the relator took the stand and testified to substantially all of the facts contained in the statement. As in the statement, he remembered events before and after the killing, but not the actual killing which was by strangulation. His testimony leaves no doubt that relator committed the homicide. Not one word of his testimony indicates that his statement was other than voluntary.

█ Since the relator's statement was taken in October, 1958, the specifics of *Escobedo* and *Miranda* provide no basis for habeas corpus relief, Johnson v. State of New Jersey, 384 U.S. 719, 722, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), and hence are inapplicable to the interrogation.

The transcript of the hearing shows conclusively that relator through his counsel waived his right to question the constitutional infirmity of his statement. It also shows conclusively that the plea of guilty was voluntary and was not induced by the statement. His testimony in open court leaves no doubt that the facts contained in the statement are true, and that he confirmed his counsel's waiver of objections to this statement.

It is quite obvious that the relator desired that the Judge consider the statement in corroboration of his testimony, because, although incriminating, it contained matter which tended to negate the intent to kill, and was quite successful in persuading the Court in finding murder in the second degree rather than first degree. This finding is indicative that his counsel acted wisely in offering no objection to the statement. The transcript shows that the relator was thankful (T., p. 182).

Relator's counsel is characterized by President Judge Ellenbogen of the Allegheny County Court of Common Pleas as "an experienced and able lawyer". See opinion denying the writ at No. 743 July Term, 1965. In the Commonwealth's Answer, it is alleged and not traversed that relator's counsel has specialized in criminal law and has tried "perhaps 200 homicide cases" during a long career. The relator in his petition states that he was represented at the time of the Coroner's Inquest and at the trial by his counsel (p. 3). He does not allege that his counsel was incompetent.

█ The record of the Inquest discloses a recommendation that the relator be held for action by the Grand Jury on a charge of murder of Freda Maxine Jackson. Relator complains he was not afforded a preliminary hearing before a magistrate. It is well settled that such an irregularity, if such it was, is waived by one who pleads guilty to an indictment when represented by competent counsel.

The failure to arraign relator promptly before a magistrate after he gave himself up to the police is not a deprivation of a substantial right guaranteed by the federal constitution, especially absent a showing of prejudice, and none has been shown. Such non-jurisdictional issues do not present substantial federal questions. Cf. United States ex rel. Maisenhelder v. Rundle, 349 F.2d 592 (3d Cir. 1965); Commonwealth ex rel. Walls. v. Rundle, 414 Pa. 53, 198 A.2d 528 (1964), citing United States v. Parker, 292 F.2d 2 (6th Cir. 1961); Commonwealth ex rel. Parker v. Myers, 414 Pa. 427, 200 A.2d 770 (1964).

An appropriate order will be entered.