Manuel Domingo **RODRIGUEZ**,
Petitioner,

v.

Louis S. **NELSON**, Warden, etc.,
Respondent.

No. 68–1005.

United States District Court
C. D. California.

July 12, 1968.

Manuel Domingo Rodriguez, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Phillip G. Samovar, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

WILLIAM P. GRAY, District Judge.

The petitioner, a prisoner at San Quentin State Prison, seeks a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241 and for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

The petitioner was arrested in August 1966, and charged with the violation of Section 11501 of the California Health and Safety Code (sale of narcotics). On August 9, 1966, the petitioner appeared before the Los Angeles Municipal Court for a preliminary hearing on the alleged violation. The petitioner was represented by counsel who cross-examined the single witness called by the prosecution. The petitioner subsequently was tried and convicted by the Superior Court of Los Angeles County solely on the basis of the transcript of the preliminary hearing.

On August 24, 1967, the petitioner filed a timely notice of appeal, but the appeal subsequently was dismissed under Rule 17(a) of the California Rules on Appeal because the petitioner failed to file an opening appellate brief. In November 1967, the petitioner filed a petition for writ of habeas corpus in the Superior Court of Marin County, raising the same issues as those presented here. On January 12, 1968, the Superior Court denied the petitioner's request for appointed counsel and on January 26, 1968, the court denied his petition for writ of habeas corpus without a written opinion setting forth the reasons for denial. The petition for writ of habeas corpus subsequently was denied by the California Court of Appeal and the California Supreme Court.

The petitioner now seeks a writ of habeas corpus on the alleged grounds that:

1. His constitutional right to confront and cross-examine witnesses was violated because his counsel stipulated at trial that the matter be heard on the transcript of the preliminary hearing.

2. His constitutional right to counsel was violated because he was denied the assistance of counsel in his state court habeas corpus proceedings.

3. His constitutional right to due process was violated because the Superior Court of Marin County denied his petition for writ of habeas corpus without filing any written opinion stating the reasons for the denial of the petition.

4. His constitutional right to utilize the appeal procedure provided by the State of California was violated because the petitioner never was notified that his appeal had been accepted for review.

■ Ordinarily, this court would conclude that the petition for writ of habeas corpus is not properly filed because it does not appear "that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). The fourth ground for relief urged above does not preclude the petitioner from seeking permission from the California courts to file a late notice of appeal under the California Rules of Court, Rule 31 (a), and thus remedying his failure to file an opening brief on appeal. See Lembke v. Field, 380 F.2d 383, 384 (9th Cir. 1967). However, the petitioner already has exhausted his state habeas corpus remedies, and his failure to perfect his appeal does not appear to have been a deliberate by-passing of the state courts. Furthermore, this court concludes that the present petition is frivolous and does not present any valid grounds for relief, and that the petition can be disposed of on its merits in the interests of justice and without harm to the principle of federal-state comity. See United States ex rel. Bostic v. Commonwealth of Pennsylvania, 262 F.Supp. 428, 429 (E.D.Pa.1967).

■ As to the first ground for relief urged above, the Sixth Amendment right to confront and cross-examine witnesses

is applicable to the states under the Fourteenth Amendment. Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L. Ed.2d 923 (1965). However, an accused may waive his right to confront and cross-examine, and the waiver may be accomplished by being expressed by the accused's counsel. Wilson v. Gray, 345 F.2d 282, 286 (9th Cir. 1965). The introduction at the trial of testimony given by a witness at a preliminary hearing is a denial of the right of confrontation only where the testimony has been taken at a hearing at which the accused is not represented by counsel who is given a complete and adequate opportunity to cross-examine. Pointer v. State of Texas, 380 U.S. at 407, 85 S.Ct. at 1070, 13 L.Ed.2d at 928 (1965); Herrera v. Wilson, 364 F. 2d 798, 799 (9th Cir. 1966). In the present case, the transcript of the preliminary hearing shows that the petitioner was represented by counsel who cross-examined the single witness called by the prosecution. Thus, the first contention of the petitioner is without merit.

As to the second ground for relief urged above, there is no constitutional right to counsel in a habeas corpus proceeding, and counsel should not be appointed in the exercise of a court's discretionary power unless the papers filed by a petitioner indicate "a reasonable probability that an issue which is not plainly frivolous may be presented." Anderson v. Heinze, 258 F.2d 479, 482 (9th Cir. 1958). The papers filed in this case do not indicate any such probability. The petitioner has failed to present a copy of the petition that was before the Superior Court of Marin County, but since the issues raised here are allegedly the same as those raised in the earlier state court proceeding, this court must assume that the petition here is substantially identical to the earlier petition. Thus, the petitioner's second contention is without merit in that the petition is frivolous in its entirety.

As to the third ground for relief urged above, there is no constitutional requirement that a court denying a petition for writ of habeas corpus file a written opinion stating its reasons for the denial. It is doubtless true that the filing of such an opinion is desirable, see Price v. Johnston, 334 U.S. 266, 293, 68 S.Ct. 1049, 1064, 92 L.Ed. 1356, 1373 (1948), but it is not required by the Constitution. Thus, the petitioner's third contention is without merit.

For the reasons set forth above, this court concludes that the petition for the writ of habeas corpus is frivolous within the meaning of 28 U.S.C. § 1915(d) and without merit, and it accordingly is denied.