12 F.3d 1101
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Torrence TILLMAN, Plaintiff-Appellant,
v.
Richard CONROY, Loretta Thames, James Letsinger, George
Woods, and Karen Gibson, Defendants-Appellees.
 No. 93-1506.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 30, 1993.[1]
Decided Nov. 22, 1993.
 
 Before POSNER, Chief Judge, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 In 1979, Torrence Tillman, then 17 years old, was convicted of rape and burglary in an Indiana state court, and sentenced to 30 years' imprisonment. In 1992, Tillman filed this civil rights action (42 U.S.C. Sec. 1983), alleging that the arresting police officer, prosecutor, complainant, and two judges involved in the 1979 conviction all deprived him of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments, by failing to acquire a valid juvenile waiver order prior to trying him as an adult. The district court dismissed the action against all defendants on the basis that the two-year statute of limitation had run; and entered summary judgment as to the two judges on immunity grounds.
 
 
 2
 Tillman's action is clearly in the nature of a petition for habeas corpus. 28 U.S.C. Sec. 2254. Tillman seeks to have the 1979 conviction vacated. His complaint specifically asks for an injunction ordering the state court to vacate his conviction, and vacate the order of commitment to the Indiana Department of Corrections. Tillman alleges that in 1979, the state court "lacked jurisdiction over [him] ... because [it] did not have a valid [juvenile] waiver order." Thus, Tillman challenges the very fact or duration of confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Graham v. Broglin, 922 F.2d 379 (7th Cir.1991); Hanson v. Heckel, 791 F.2d 93, 96 (7th Cir.1986). If Tillman won his case, the conviction would be declared illegal and the state would be obliged to release him. The exhaustion requirement under 28 U.S.C. Sec. 2254 may not be evaded by seeking damages under 42 U.S.C. Sec. 1983. Preiser v. Rodriguez.
 
 
 3
 Nevertheless, we go on to address the merits of what we are construing as a habeas petition. See Granberry v. Greer, 481 U.S. 129, 134 (1987). We find that the petition "does not raise even a colorable federal claim." Granberry, 481 U.S. at 134.
 
 
 4
 Tillman alleges in his habeas petition that the named defendants "conspired to deprive [him] of his constitutional rights under Amendments 4 and 14, ... when they arrested, imprisoned and prosecuted [him] on a false complaint of burglary, rape and unlawful deviate conduct." Although it is not entirely clear what the Fourth Amendment claim intends to raise under this conspiracy theory, generally Fourth Amendment claims are unavailable for federal habeas relief under Stone v. Powell, 428 U.S. 465, 489 (1976).
 
 
 5
 In so far as Tillman alleges a due process violation under the Fourteenth Amendment, he fails to include any factual allegation which might point to a conspiracy. See Kunik v. Racine County, Wisc., 946 F.2d 1574, 1580 (7th Cir.1991). See also, U.S. ex rel. Bostic v. Commonwealth of Pennsylvania, 262 F.Supp. 428 (D.C.Pa.1967) (prisoner not entitled to habeas corpus on ground that indictments against him were obtained by fraud and conspiracy in view of absence of any facts to support such an assertion). Moreover, to succeed on a false arrest claim, there must not be a conviction following that arrest. Cf. King v. Goldsmith, 897 F.2d 885, 886 (7th Cir.1990).
 
 
 6
 Tillman further alleges that in 1979, the state court failed to have a "valid juvenile waiver order." He adds that "the waiver order did not have any finding of probable cause on Lorretta Thames' complaint of burglary, rape and unlawful deviate conduct." Petitioner concedes, however, that the juvenile court held a "hearing to adjudicate the issue of probable cause."
 
 
 7
 The scope of our review of a habeas corpus petition is limited to determining whether Tillman's custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. Sec. 2254; Estelle v. McGuire, 112 S.Ct. 475, 480 (1991); Stomner v. Kolb, 903 F.2d 1123, 1128-29 (7th Cir.), cert. denied, 498 U.S. 924 (1990). The technical requirements of a juvenile waiver order are matters for the state court to determine, not a federal habeas court. See Salazar v. Rodriguez, 371 F.2d 726 (10th Cir.1967) (whether juvenile waiver order contains defects is a state law question, and will not be resolved in a habeas petition); Russell v. Wyrick, 395 F.Supp. 643 (D.C.Mo.1974) (claim that prisoner was entitled to juvenile code procedures and within exclusive jurisdiction of juvenile court raised only issue of compliance with state statutes and rules which will not be determined under habeas corpus). Cf. Deel v. Jago, 967 F.2d 1079, 1088 (6th Cir.1992) (challenge to constitutionality of Ohio's procedural law for the waiver of juveniles to adult court). Tillman does not argue that the court in fact lacked probable cause to believe committed the crimes charged. Whether an Indiana juvenile court's waiver of jurisdiction order contains a sufficient statement of probable cause is ordinarily to be determined by the Indiana courts.[2]
 
 
 8
 Tillman next alleges that Judge Letsinger "refused to docket and file Tillman's successive post-conviction relief petition, thereby preventing him from exhausting his state remedies for review of his convictions and order of commitment under federal habeas corpus." Because we have bypassed the exhaustion question and addressed the merits, this issue need not be addressed.
 
 
 9
 Finally, defendant Thames argues in her brief that the district court erred in not imposing sanctions against plaintiff pursuant to Fed.R.Civ.P. 11. Thames did not file a cross-appeal from the district court order, and thus she has waived her right to seek those sanctions. Pryzina v. Ley, 813 F.2d 821, 823 (7th Cir.1987).
 
 
 10
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [2]
 See also Woods v. State of Indiana, 506 N.E.2d 487 (Ind.App.1987) (laches bars post-conviction petitioner from relief where he waited 25 years to challenge waiver of juvenile court jurisdiction)