**STATE OF LOUISIANA ex rel. Clifton DAVIS LSP/PMB #60741**

v.

**J. Wayne ALLGOOD, Warden, Louisiana State Penitentiary et al.**

**Misc. No. 883.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

July 13, 1966.

**302**

Clifton Davis, in Pro. Per.

Teddy W. Airhart, Jr., Asst. Atty. Gen. of Louisiana, Baton Rouge, La., for respondents.

WEST, District Judge:

The petitioner has filed this application for the issuance of a writ of habeas corpus, claiming that he has been the victim of an illegal search and seizure in violation of the Fourth Amendment to the United States Constitution. Petitioner was charged on a bill of information filed by the Assistant District Attorney for the Parish of Orleans, State of Louisiana, on July 9, 1964, with possession of narcotics. After being arraigned and pleading not guilty to the charge, he filed a motion to suppress evidence on September 29, 1964, which motion was denied by the Criminal District Court for the Parish of Orleans, State of Louisiana. Petitioner was then brought to trial on November 10, 1964, and after the jury was selected and the State had completed its case, petitioner, represented by competent counsel, withdrew his not guilty plea and entered a plea of guilty. He was then sentenced to a term of five years at Louisiana State Penitentiary at Angola, Louisiana.

Prior to filing his application for habeas corpus in this Court, petitioner exhausted available State Court remedies and thus this matter is properly before this Court.

On July 1, 1964, members of the Narcotics Squad of the New Orleans Police Department, armed with a search warrant, went to the New Orleans hotel where petitioner was employed. Pursuant to the authority granted by the search warrant, they searched the defendant and his personal locker at the hotel, but found nothing. However, after being advised by the chief engineer of the hotel that he had seen the petitioner acting suspiciously in the engine room, the officers, with the consent and permission of the hotel manager and the chief engineer, searched the engine room of the hotel and found eighteen capsules of heroin. As previously stated, at the close of the State's case, petitioner pleaded guilty to possession of these narcotics.

The sole issue here is whether or not the search of the engine room without a search warrant was in violation of peti-

tioner's rights under the Constitution of the United States.

■ Prior to the search of the engine room of the hotel, the officers obtained the consent and permission of both the hotel manager and the chief engineer. Petitioner at no time occupied or worked in the engine room, nor did he have any control or supervision thereof. Having thus obtained the consent of the proper persons before conducting their search, it cannot be said that the search conducted by the officers was illegal or in violation of any of petitioner's constitutional rights. Thus, in Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960), the United States Supreme Court stated:

> "No pretense is made that this search by the F.B.I. was for any purpose other than to gather evidence of crime, that is, evidence of petitioner's espionage. As such, however, it was entirely lawful, although undertaken without a warrant. This is so for the reason that at the time of the search petitioner had vacated the room. The hotel then had the exclusive right to its possession, and the hotel management freely gave its consent that the search be made."

Also see Maxwell v. Stephens, 348 F.2d 325 (CA 8, 1965); Burge v. United States, 342 F.2d 408 (CA 9, 1965); Rees v. Peyton, 341 F.2d 859 (CA 4, 1965); and Roberts v. United States, 332 F.2d 892 (CA 8, 1964).

■ Even if this Court were to hold that the search of the engine room was illegal, there is still another bar to the relief sought by petitioner. While adequately represented by counsel, petitioner voluntarily pleaded guilty to possession of narcotics. When a person voluntarily and knowingly pleads guilty at his trial, this constitutes a waiver of all non-jurisdictional defenses, including the objection to the manner in which evidence upon which he was charged had been obtained. The conviction and sentence which follow a plea of guilty are based solely and entirely upon the plea and not upon any evidence which may have been improperly acquired by the prosecuting authorities. State of Louisiana, ex rel. Miles v. Walker, 222 F.Supp. 975 (E.D.La.1963), affirmed 347 F.2d 939 (CA 5, 1965); Mahler v. United States, 333 F.2d 472 (CA 10, 1064), cert. den. 379 U.S. 993, 85 S.Ct. 709, 13 L.Ed.2d 613; Hoffman v. United States, 327 F.2d 489 (CA 9, 1964); Phillips v. United States, 318 F.2d 17 (CA 5, 1963); Alexander v. United States, 290 F.2d 252 (CA 5, 1961); Warren v. United States, 232 F.2d 629 (CA 5, 1956).

For these reasons, petitioner's application for the issuance of a writ of habeas corpus will be denied.