**UNITED STATES of America ex rel. Donald C. PETERSON, Petitioner,**

**v.**

**Harry E. RUSSELL, Superintendent State Correctional Institution, Huntingdon, Pennsylvania, Respondent.**

**Civ. No. 67–262.***

United States District Court
W. D. Pennsylvania.

April 5, 1967.

---

* This case was transferred from the Middle District of Pennsylvania to the Western District of Pennsylvania pursuant to 28 U.S.C. § 2241(d).

Donald Peterson, pro se.

Louis Abromson, Asst. Dist. Atty., County of Allegheny, Pittsburgh, Pa., for respondent.

## MEMORANDUM AND ORDER

MARSH, District Judge.

Relator, Donald C. Peterson, petitions for a writ of habeas corpus alleging illegal detention for the following reasons: (1) coerced confession; (2) fraudulent deprivation of preliminary hearing before a magistrate; and (3) untimely assignment of inadequate and incompetent counsel.

In my opinion, the petition should be denied.

The records of relator's 11 convictions of burglary in a non-jury trial held on June 18 and 19, 1963, in the Criminal Court of Allegheny County, Pennsylvania were, pursuant to the Order of this court, presented by the District Attorney at the hearing on the Rule to Show Cause and admitted into evidence. The relator is presently serving concurrent sentences in the State Correctional Institution at Huntingdon, Pennsylvania, of 4 to 8 years imposed at Indictment Nos. 70 and 71, May Term, 1963, Oyer and Terminer, Allegheny County; sentences were suspended at the remaining 9 Indictments, i. e., Nos. 66 to 69, inclusive, and Nos. 72 to 76, inclusive, May Term, 1963.

■ Relator's first ground, i. e., that his confession was coerced, need not be considered for the reason that this allegation was not presented to the state court by way of appeal or by habeas corpus. This court has no jurisdiction to consider this ground until state remedies have been exhausted. United States ex rel. Anderson v. Cavell, D.C., 148 F.Supp. 681, 685, aff'd 249 F.2d 656 (3d Cir. 1957); United States ex rel. Ackerman v. Johnston, D.C., 139 F.Supp. 890, aff'd 235 F.2d 958 (3d Cir. 1956).

■■ Relator's second ground, i. e., that he was fraudulently deprived of a preliminary hearing, is without merit. The sufficiency or regularity of a preliminary hearing prior to indictment does not present a federal constitutional question. A preliminary hearing in Pennsylvania is not a critical stage of a criminal proceeding. Assuming that relator was tricked into waiving such a hearing, i. e., because he had no lawyer at the time, such did not influence his subsequent convictions and was not a deprivation of due process. Cf. United States ex rel. Lamborn v. Rundle, 251 F.Supp. 766 (E.D.Pa.1966); United States ex rel. Gary v. Hendrick, 238 F.Supp. 757 (E.D.Pa.1965); United States ex rel. Hazen v. Maroney, 217 F.Supp. 328 (W.D.Pa.1963).

Relator's third ground, i. e., untimely appointment of inadequate and incompetent counsel, is, likewise, without merit. The transcript of the trial reveals that no request for a continuance was made to the trial judge by relator or his counsel. It does not appear that relator desired to call any witnesses in his behalf. In denying relator's motion for a new trial, the Court of Oyer and Terminer sitting *en banc* stated that his defense was conducted "in a competent manner by Mr. Levin", who was his appointed counsel.

In reviewing the trial transcript, I could find no evidence to support or justify the complaint that relator was not competently or adequately defended; the trial was by no means a sham or a farce; and the quality of appointed counsel's representation was certainly not such as to constitute a constitutional deprivation. I examined the transcript with regard to relator's specifications in support of his complaint of inadequate representation and find them to be without legal or factual merit. Nothing was done or was not done by Mr. Levin, his counsel, which would amount to ineffective assistance of counsel of which made the trial a mockery. In re Ernst's Petition, 294 F.2d 556 (3d Cir. 1961). Cf. Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543 (1923); Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Brown v. State of Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682 (1936); United States ex rel. Darcy v. Handy, 203 F.2d 407 (3d Cir. 1953); Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667 (1945); United States ex rel. Thompson v. Dye, 103 F.Supp. 776, 778 (W.D.Pa. 1953), aff'd 203 F.2d 429 (3d Cir. 1953).

Relator complains that his counsel was appointed "only a few hours prior to the trial". However, since relator's defense was an alibi without supporting witnesses, it is not apparent that a longer period of time would have added to counsel's effectiveness. In such a situation, time is relative and a brief period could be inadequate in one case but entirely adequate in another, depending upon the nature of the case and the available defenses. The court *en banc* gave special attention to this issue on relator's motion for a new trial. Mr. Levin, who defended relator, was present at the hearing. From the representations of counsel there made, the court *en banc* was satisfied that the defense was not prejudiced by any lack of time for consultation and preparation. From the entire record, I am satisfied that relator and his trial counsel did not ask for nor did they need additional time to consult and prepare the defense and that in the circumstances the time allotted prior to commencement of the trial was reasonable.

An appropriate order will be entered.