## Commonwealth *v.* Fletcher, Appellant.

Submitted April 10, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*James M. Fletcher,* appellant, in propria persona.

*W. Bertram Waychoff,* District Attorney, for appellee.

Opinion Per Curiam, June 16, 1967:

This is an appeal from the dismissal, without hearing, of a petition for post-conviction relief.

Petitioner pleaded guilty, with court appointed counsel, to prison breach, for which he was sentenced to a state correctional institution for a term of 4½ to 9 years. He also received two consecutive sentences to a state institution for receiving stolen goods, together with one concurrent sentence to a state institution on another receiving stolen goods charge.

Appellant contends that he could not be sentenced to a state correctional institution (through the Western Correctional, Diagnostic and Classification Center at Pittsburgh) on conviction of the crime of receiving stolen goods. He argues that such sentences must be to the county prison, citing *Commonwealth ex rel. Radziewicz v. Burke,* 169 Pa. Superior Ct. 263, 82 A. 2d 252 (1951), and §817 of the Act of June 24, 1939, P. L. 872, 18 PS §4817.

However, the sentences on the receiving stolen goods convictions were valid, under §4 of the Act of December 27, 1965, P. L. 1237, 61 PS §460.4 (Supp.) providing ". . . (1) All persons sentenced to maximum

terms of five or more years shall be committed to the Bureau of Correction for confinement in a State correctional facility; and (2) all persons sentenced to a maximum term of six months or more but less than five years may be committed to the Bureau of Correction for confinement in a State correctional facility or may be committed to a county jail approved by the Bureau of Correction."

We have examined petitioner's remaining contentions and conclude that they are without merit.

Order affirmed.