UNITED STATES of America ex rel.
James Morris FLETCHER,
Petitioner,

v.

James F. MARONEY, Superintendent
State Correctional Institution,
Pittsburgh, Pennsylvania.

Civ. A. No. 67-1384.

United States District Court
W. D. Pennsylvania.

Feb. 28, 1968.

James Morris Fletcher, pro se.

W. Bertram Waychoff, Dist. Atty., of Greene County, Waynesburg, Pa., for respondent.

### OPINION AND ORDER

MARSH, District Judge.

The relator, James Morris Fletcher, filed in forma pauperis a petition for ha-beas corpus. It appears that his state remedies have been exhausted. Commonwealth ex rel. Fletcher v. Maroney, 210 Pa.Super. 96, 232 A.2d 206 (1967). A rule to show cause was issued. At the hearing, the District Attorney of Greene County produced the records required by Local Rule 16(g). From the records, it appears that the relator was indicted at No. 22 September Term, 1965 and Nos. 13 and 14, December Term, 1966, for receiving stolen goods, and at No. 66 September Term, 1965 for prison breach. The relator pleaded guilty to these indictments. At the sentence hearing, he was represented by two appointed counsel.[1] He was sentenced for prison breach to a term of not less than 4½ nor more than 9 years in prison, and upon the two indictments for receiving stolen goods to consecutive terms of 2 to 5 years, and for the third indictment for receiving stolen goods to a term of 2 to 5 years to run concurrently with one of the other indictments for receiving stolen goods, making total imprisonment of not less than 8½ nor more than 19 years.[2]

In his petition at ¶ 6, relator alleges that he was tricked into pleading guilty. This seems to be his principal complaint. The State Courts denied relief on this ground. The record of the sentencing hearing discloses that relator voluntarily entered his pleas of guilty after having consulted with competent counsel. The sentencing Judge apprised him of the nature of the charges against him and the maximum penalties that could be imposed thereon if he pleaded guilty. His two counsel made eloquent pleas for leniency. The relator was asked by the Judge if he wanted to make a statement on his own behalf and he, too, requested leniency. Immediately after the sentences were pronounced, the rela-

1. Instead of the original record of the sentence hearing, the District Attorney filed a certified copy thereof designated as Exhibit III in the Commonwealth's brief to the Superior Court of Pennsylvania.

2. The respondent inadvertently stated in his Answer that the sentence at No. 14 December Term, 1966—2 to 5 years—was to run consecutively with No. 13 December Term, 1966, instead of concurrently with No. 13 December Term, 1966, as appears from the sentence of the Court (Ex. III, Commonwealth's brief to the Superior Court). See also, Commonwealth ex rel. Fletcher v. Maroney, supra.

tor reflecting disappointment asked that the last three sentences be made to run concurrently, which the sentencing Judge refused. The relator then stated that he had pleaded guilty upon the understanding that he would not get more than 1 to 2 years, which was the sentence imposed by another Judge upon other persons who escaped from prison with him. The relator admitted that such "understanding" did not emanate from the sentencing Judge but from the lawyers. Each of his lawyers promptly went on record and denied that they had indicated to relator that he would not be sentenced for more than 1 to 2 years in the penitentiary. The District Attorney also promptly asserted on the record that he had made no commitment of any such kind to relator. Relator now protests his innocence and contends that he was tricked into pleading guilty. To permit relator to reiterate his accusation at a hearing in the State Court or in this court that he had been promised by his counsel imprisonment of not less than 1 year nor more than 2 years if he would plead guilty, and to hear again the disavowments by his counsel and the District Attorney, would be a matter of supererogation. In our opinion, this reason for granting the writ is contrary to the facts shown by the record and is without substance.

The other grounds are equally without merit:

■ (1) The affidavits and exhibits filed allegedly proving relator's innocence are ineffective in the face of his voluntary pleas of guilty, knowingly and intelligently entered after consultation with competent counsel as the record shows. We are not aware of any authority which would permit an accused, sentenced after entering such voluntary pleas, to plead not guilty without permission of the sentencing Judge. He certainly cannot do so in this federal court.

■ (2) Apparently, the aforesaid affidavits were not sufficient in substance to persuade the State Courts to permit relator to withdraw his guilty pleas.[3]

■ (3) The record does not show that relator petitioned the sentencing Judge to disqualify himself prior to the sentence. The fact that the Judge, when District Attorney, had previously prosecuted relator on a charge of murder, which trial resulted in his acquittal, is not, standing alone, a fact requiring disqualification.

■ (4) An accused person without funds who requests the appointment of counsel does not have the right to tell the court whom to appoint,—the choice is that of the court. United States ex rel. Puntari v. Maroney, 220 F.Supp. 801, 805 (W.D.Pa.1963); Wilson v. United States, 215 F.Supp. 661 (W.D.Va.1963); United States ex rel. Mitchell v. Thompson, 56 F.Supp. 683 (S.D.N.Y.1944). The alleged fact that one of defendant's appointed counsel (Maxwell) had previously assisted the District Attorney of Greene County in prosecuting the relator for murder in 1954, and the alleged fact that his other counsel (Keener) is a law partner of the solicitor for the Sheriff's Office do not, standing alone, establish that these appointed lawyers were incompetent, ineffective, or disloyal. The record discloses no protest made by relator to the appointment of these counsel prior to sentencing. The record at the sentencing hearing does not disclose that counsel were incompetent or disloyal, but on the contrary it shows they did their utmost to secure leniency for relator from the Court. The opinion of the State Court discloses that these counsel had previously asked for a change of venue on the grounds that it would be impossible to seek a fair and impartial jury in Greene County. This motion was denied by the Court after hearing arguments of counsel. It also appears from the opinion of the State Court that four additional charges of burglary had been

---

3. The affidavits presented to this court and not presented to the State Courts may not be given consideration.

dismissed at a preliminary hearing as "a result of his counsel's efforts." No facts are presented which disclose any denial of relator's constitutional right to be represented by competent counsel. On the contrary, the record shows he was represented by two competent counsel. The fact that they were unable to persuade the Judge to impose shorter terms of imprisonment does not brand them as ineffective.

■ (5) The alleged unconstitutional search and seizure does not afford relator grounds for granting a writ of habeas corpus upon a voluntary plea of guilty. Wallace v. Heinze, 351 F.2d 39 (9th Cir. 1965); United States ex rel. Maisenhelder v. Rundle, 349 F.2d 592, 595 (3d Cir. 1965); Thomas v. United States, 290 F.2d 696 (9th Cir. 1961); State of Louisiana ex rel. Davis v. Allgood, 256 F.Supp. 301 (E.D.La.1966); United States ex rel. Hazen v. Maroney, 217 F.Supp. 328 (W.D.Pa.1963). Moreover, it is futile for relator to allege that his lawyers had evidence to show that relator was innocent in the face of his voluntary pleas of guilty, intelligently and knowingly made in Open Court.

(6) This ground has been discussed and rejected first above.

(7) This allegation pertaining to his counsel's refusal to appeal from sentences imposed on pleas of guilty is without merit.

■ (8) Relator's complaints that he was deprived of counsel at a preliminary hearing, and that his appointed counsel failed to prosecute a writ of habeas corpus sent to the Greene County Court when relator was a prisoner in California, are without merit. In Pennsylvania a preliminary hearing is not a critical stage of the prosecution. United States ex rel. Maisenhelder v. Rundle, supra; Commonwealth ex rel. Parker v. Myers, 414 Pa. 427, 200 A.2d 770 (1964); United States ex rel. Peterson v. Russell, 266 F.Supp. 93, 94 (W.D.Pa. 1967). A Pennsylvania court has no power to grant a writ of habeas corpus when the relator is in the custody of a foreign state. Commonwealth ex rel. Graham v. Graham, 367 Pa. 553, 80 A.2d 829, 833 (1951). Cf. Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948); United States ex rel. Dorsch v. Hunter, 101 F.Supp. 751 (W.D. Pa.1951).

■ (9) It appears that relator is presently serving a penitentiary service of 4½ to 9 years for prison breach; the allegation that he cannot be sent to the penitentiary for receiving stolen good is without merit, and, in any event, is not a violation of relator's constitutional rights. Cf. Opinion of Superior Court of Pennsylvania, Commonwealth ex rel. Fletcher v. Maroney, supra.

■ (10) The fact that relator received a more severe sentence than codefendants indicted for prison breach does not constitute a violation of his constitutional rights under the Fourteenth Amendment. The Pennsylvania statute, 18 Purdon's Pa.Stat.Ann. § 4309, fixes a maximum term of 10 years for prison breach. The sentence of 4½ to 9 years was a legal sentence.[4]

■ (11) Relator has no constitutional right to be credited with 8 years which he served in prison for a murder conviction after which he was granted a new trial and acquitted.

An appropriate order will be entered.

---

4. Commonwealth ex rel. Via v. Banmiller, 188 Pa.Super. 124, 146 A.2d 93 (1958); Commonwealth ex rel. Dailey v. Myers, 186 Pa.Super. 176, 142 A.2d 381 (1958).