**UNITED STATES of America ex rel. James Morris FLETCHER, Appellant,**

**v.**

**James F. MARONEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania.**

**No. 17432.**

United States Court of Appeals Third Circuit.

Submitted on Briefs May 19, 1969.

Decided July 8, 1969.

Rehearing Denied Sept. 5, 1969.

See also 3 Cir., 413 F.2d 16.

James Morris Fletcher, pro se.

W. Bertram Waychoff, Dist. Atty., Greene County, Pa., Waynesburg, Pa., for appellee.

Before FREEDMAN, SEITZ and AL-DISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

The appellant pleaded guilty to three separate indictments for receiving stolen goods[1] and an indictment for prison breach[2] in a Pennsylvania court in 1966 and was sentenced to a total imprisonment of not less than 8½ nor more than 19 years imprisonment. No direct appeal was taken although a petition under Pennsylvania's Post Conviction Hearing Act, 19 P.S. § 1180–1 et seq., was filed in the sentencing court within a month of the sentencing. The court denied relief and was affirmed by the state Superior Court in Commonwealth ex rel. Fletcher v. Maroney, 210 Pa.Super. 96, 232 A.2d 206, 207 (1967).

Following denial of an application for allocatur to the Pennsylvania Supreme Court on November 6, 1967, a petition for federal habeas corpus relief was filed in the district court.[3] The petition alleged various grounds for relief, prominent among which was an allegation that the petitioner had been "tricked into pleading guilty." In addition, the petition included numerous affidavits from persons whom the petitioner claimed could fully establish his inno-

---

1. Court of Quarter Sessions, Greene County, Pennsylvania, No. 22 September Term 1965, Nos. 13 & 14 December Term 1966.

2. No. 66 September Term 1965.

3. United States District Court for the Western District of Pennsylvania, Civil Action No. 67–1384, 280 F.Supp. 277.

cence of the charge of receiving stolen goods.

Based on a review of the record of the state proceedings, the district judge concluded that the guilty plea had been "knowingly and intelligently entered,"[4] and viewed the submitted affidavits as "ineffective in the face of his voluntary pleas of guilty." Moreover, the court noted that this matter had not been presented to the state courts and could not therefore be given consideration by the federal forum. Consequently, the court denied relief.

Unsatisfied and undaunted by this adjudication, the appellant filed a second petition before the same court.[5] This time, however, in addition to the allegations previously made, he charged that he had not been afforded the assistance of counsel in presenting his post-conviction state petitions. Reiterating the rulings it had made on the prior petition and noting that the allegation of the denial of counsel had never been presented to the state courts, the district court again denied relief. This appeal followed.

We have painstakingly examined the present record and can find nothing which indicates that the actions of the district court were improper. The appellant's contention that he was denied the assistance of counsel on his post-conviction attempts to obtain relief in the state courts must be presented to those courts for initial adjudication. In this respect, we note that the appellant has in fact returned to the state courts for an adjudication of this and other matters.[6]

Accordingly, the judgment of the district court will be affirmed.

4. The district court observed that the transcript of the sentencing proceedings contained an extensive discussion and dialogue between the judge and the defendant, the prosecuting and defense counsel relating to the voluntary and informed entry of the guilty plea.

5. Civil Action No. 68–574, which was treated by the district court as "a petition

for reconsideration of the petition filed at Civil Action 67–1384."

6. On April 10, 1969, the Superior Court of Pennsylvania, at No. 147 April Term 1969, remanded consideration of the appellant's claims to the sentencing court for further adjudication.