**UNITED STATES of America ex rel.
James Morris FLETCHER,
Appellant,**

v.

**Joseph R. BRIERLEY, Appellee.**

No. 71–1316.

United States Court of Appeals,
Third Circuit.

Submitted March 17, 1972.

Decided May 17, 1972.

James Morris Fletcher, pro se.

W. Bertram Waychoff, Dist. Atty., Waynesburg, Pa., for appellee.

Before MAX ROSENN and JAMES ROSEN, Circuit Judges, and VAN ARTSDALEN, District Judge.

OPINION OF THE COURT

PER CURIAM:

The relator, James Morris Fletcher, is no stranger to the federal courts. In fact, he has made a virtual career out of filing 28 U.S.C. § 2254 habeas petitions. According to one federal judge's tabulation, Fletcher had filed his twenty-first petition for habeas relief as far back as February, 1970.[1] Not discouraged by the denial of that application Fletcher proceeded to churn out further petitions.[2] One of these, an application denied by Judge Gourley on September 24, 1970, is before us now.

Fletcher has filed a scrambled and conclusory brief, but since he is proceeding pro se, we have made a special effort to discern his arguments and to uncover the facts crucial to his claims. Carr v. Sharp, 454 F.2d 271 (3d Cir. 1971); Gittlemacker v. Prasse, 428 F.2d 1 (3d Cir. 1970); United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3d Cir. 1969), cert. den. 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970); Lockhart v. Hoenstein, 411 F.2d 455 (3d Cir. 1969), cert. den. 396 U.S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244 (1969).

Relator entered a guilty plea in 1966 in a Pennsylvania prosecution for re-

---

1. Judge Dumbauld, Civil Action No. 70–122, order dated February 5, 1970.

2. See, for example, United States ex rel. Fletcher v. Maroney, Civil Action No. 68–394, Opinion filed February 18, 1970.

ceiving stolen goods and for prison breach. He was sentenced to 8½ to 19 years imprisonment. The court did not advise Fletcher of his right to a direct appeal and Fletcher took none. The post conviction relief he did seek from the trial court was denied. Acting without the benefit of counsel, Fletcher appealed to the Superior Court of Pennsylvania, which affirmed the trial court's decision. Commonwealth ex rel. Fletcher v. Maroney, 210 Pa.Super. 96, 232 A.2d 206 (1967). The Pennsylvania, Supreme Court denied his application for allocatur.

In his habeas petition, Fletcher raised two constitutional challenges to his sentence. First, he claimed that his guilty plea was not voluntarily entered. Second, he contended that he was denied the right to counsel on his appeal from his state court conviction. Fletcher had argued the issues in prior habeas proceedings, but had been unsuccessful on both claims. The attack on the guilty plea had been rejected after it had been considered on its merits. The denial of

counsel claim had been dismissed because it had become moot by the time the relator had exhausted his state remedies.

The challenge to the guilty plea was presented to Judge Marsh in prior habeas proceedings in the district court. Judge Marsh, who thoughtfully considered this claim and carefully marshalled the facts pertinent to it, concluded that "relator voluntarily entered his pleas of guilty after having consulted with competent counsel." [3] The judge determined that the ten additional allegations raised by Fletcher's petition were also meritless and he denied relief.[4]

Shortly thereafter, Fletcher filed a second petition before Judge Marsh. This application was virtually identical to the earlier one, except that it contained a claim predicated on Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Judge Marsh treated the petition as an application for reconsideration and reaffirmed his prior findings. He did not reach the merits of the Douglas claim, however, because

---

3. "The record of the sentencing hearing discloses that relator voluntarily entered his pleas of guilty after having consulted with competent counsel. The sentencing Judge apprised him of the nature of the charges against him and the maximum penalties that could be imposed thereon if he pleaded guilty. His two counsel made eloquent pleas for leniency. The relator was asked by the Judge if he wanted to make a statement on his own behalf and he, too, requested leniency. Immediately after the sentences were pronounced, the relator reflecting disappointment asked that the last three sentences be made to run concurrently, which the sentencing Judge refused. The relator then stated that he had pleaded guilty upon the understanding that he would not get more than 1 to 2 years, which was the sentence imposed by another Judge upon other persons who escaped from prison with him. The relator admitted that such "understanding" did not emanate from the sentencing Judge but from the lawyers. Each of his lawyers promptly went on record and denied that they had indicated to relator that he would not be sentenced for more than 1 or 2 years in the penitentiary. The District Attorney also promptly asserted on the record that he had made no commit-

ment of any such kind to relator. Relator now protests his innocence and contends that he was tricked into pleading guilty. To permit relator to reiterate his accusation at a hearing in the State Court or in this court that he had been promised by his counsel imprisonment of not less than 1 year nor more than 2 years if he would plead guilty, and to hear again the disavowments by his counsel and the District Attorney, would be a matter of supererogation. In our opinion, this reason for granting the writ is contrary to the facts shown by the record and is without substance." United States ex rel. Fletcher v. Maroney, 280 F.Supp. 277, 278–279 (W.D.Pa.1968) (Opinion of February 28, 1968).

4. Judge Marsh's findings were also accepted by subsequent courts in which Fletcher relitigated this claim. Commonwealth v. Fletcher, Court of Common Pleas of Greene County, Pennsylvania, Criminal Division, Nos. 13 and 14, December, 1966; Nos. 22 and 66, September, 1966, Opinion of July 29, 1969; Aff'd, Superior Court of Pennsylvania, December 4, 1969; Opinion of Judge Dumbauld cited in footnote 1.

Fletcher had not presented it to the Pennsylvania state courts. We affirmed the district court's actions in an opinion filed on July 8, 1969. The petition for rehearing in the district court was echoed by a similar application to us. We denied rehearing on September 5, 1969. United States ex rel. Fletcher v. Maroney, 413 F.2d 15 (3d Cir. 1969), cert. den. 396 U.S. 948, 90 S.Ct. 393, 24 L. Ed.2d 253 (1969), reh. den. 396 U.S. 1031, 90 S.Ct. 592, 24 L.Ed.2d 530 (1970).

The habeas petition Fletcher filed before Judge Gourley did not add anything new to the guilty plea contention considered and rejected by Judge Marsh. Judge Gourley, accordingly, denied Fletcher relief.

It is true that "[c]onventional notions of finality of litigation have no place [in habeas suits,] where life or liberty is at stake and infringement of constitutional rights is alleged." Sanders v. United States, 373 U.S. 1, p. 8, 83 S.Ct. 1068, p. 1073, 10 L.Ed.2d 148 (1962). Nonetheless, as Sanders explains, a habeas petitioner cannot be permitted to inundate the federal courts with successive repetitive petitions seeking "to retry * * * claim[s] previously fully considered and decided against him." supra, p. 9, 83 S. Ct. p. 1074.

■ Under Sanders a trial judge may deny a petitioner the opportunity to raise a claim where (1) "the same ground presented in the subsequent application was determined adversely to the applicant on the prior application," (2) "the prior determination was on the merits," and (3) the petitioner has failed to carry his burden of showing that "the ends of justice would be served by permitting redetermination of the ground." supra, pp. 15, 17, 83 S.Ct. p. 1077.[4A] These conditions were all met in the instant case and we, therefore,

uphold Judge Gourley's decision denying Fletcher the opportunity to relitigate the guilty plea contention.

Fletcher's second claim in the habeas application submitted to Judge Gourley was that he had been denied his right to counsel on his appeal from his post conviction proceedings. Douglas v. California, supra. This argument requires more extended discussion, in view of events which transpired during the course of the state courts' consideration of it.

The Douglas argument was raised before Judge Marsh, but was not considered by him, because it had not been presented to the state courts for their determination. While the appeal to the Third Circuit was pending, Fletcher returned to the state court to litigate this claim. After a hearing at which Fletcher was represented by appointed counsel, A. J. Marion, Esquire, the trial court held that Douglas was inapplicable in view of Fletcher's waiver of his right to counsel on appeal.[5] The relator filed a petition for rehearing which was denied.

On February 24, 1969, the relator filed an in forma pauperis appeal with the Superior Court of Pennsylvania and Mr. Marion was reassigned to him for the appeal. At this point, Fletcher had an inexplicable change of heart and filed a petition "waiving counsel on said appeal" and requesting the court to remove his appointed counsel.[6] This action is particularly difficult to comprehend because up until this point Fletcher had relied on Douglas and argued that the absence of counsel on his appeal had been so detrimental that it had denied him due process. The Superior Court denied his request for removal of counsel.[7]

Shortly thereafter, the Commonwealth moved to dismiss the appeal. The Superior Court denied that motion, but it did

---

**4A.** See 28 U.S.C. § 2244, which codifies the holding in Sanders.

**5.** Opinion filed February 14, 1969, Court of Common Pleas of Greene County, Pa.,

Crim.Div., Nos. 13 & 14, Dec. 1966; Nos. 22 & 66, Sept. 1966.

**6.** Motion filed March 14, 1969 in No. 147, April Term.

**7.** Order dated March 21, 1969.

not pass on the merits of the appeal. Instead it remanded the record to the lower court and ordered that a rehearing be held.[8]

Fletcher was again represented by Mr. Marion at the rehearing held on June 9, 1969. He was given a full opportunity to relitigate the numerous contentions he raised. Two of these bear on his right to counsel claim. First he argued that he had incompetent counsel in the trial court. The court noted that "as we have many times previously in our decisions pointed out, [this] is absolutely groundless. He had able, experienced and unquestionably, very competent counsel attending him and advising him at the time of his plea." [9] Fletcher also alleged that he was not informed by counsel or the court of his right to direct appeal.[10] The court noted that it had previously determined that this right had been "knowingly and intelligently waived" but added:

> [T]his point and our holding thereon are moot now, since the Superior Court has granted him the right of appeal upon this post-conviction proceeding, and very able counsel has been appointed to represent him in the process. He will, therefor, have those matters which he contends and upon which we have ruled, very capably considered and adjudicated by that learned court on appeal, which will include the same ones that could have been considered upon a direct appeal from his plea of guilty being the lawfulness of the sentence and the validity of the plea, as well as those issues additionally raised by this proceeding.

The trial court denied Fletcher the requested relief.

Fletcher, represented by Mr. Marion, appealed to the Superior Court of Pennsylvania. This appeal with the assistance of "very able counsel" gave relator full opportunity to present all those arguments he might have raised on his first post-conviction appeal. Consequently, it cured any possible prejudice to Fletcher resulting from his prior lack of counsel and it mooted his *Douglas* claim.

After hearing argument by Fletcher's counsel, the Superior Court affirmed the trial court's earlier disposition of the issues adversely to the relator. Despite the fact that the *Douglas* issue was moot, Fletcher persisted in returning to the federal courts to raise *Douglas* and to relitigate those questions which had already been decided against petitioner by Judge Marsh's opinion of February 28, 1968. This new habeas petition came before Judge Dumbauld, who denied it on February 5, 1970 on the ground that the state court and Judge Marsh's opinion had already disposed of the issues raised.[11] Judge Dumbauld's decision was upheld by this court on March 18, 1970. In re: Application of James Morris Fletcher for Habeas Corpus Civil Action No. 70–122, certificate of probable cause denied, C.A.Misc. No. 1667. Undaunted to the end, Fletcher filed a petition for reconsideration. This was denied on August 27, 1970.

After Judge Marsh had decided that Fletcher had voluntarily pleaded guilty it was proper for Judge Gourley to refuse to give further consideration to Fletcher's challenge to the guilty plea. Since, as Judge Dumbauld had concluded, the *Douglas* issue had been made moot by Fletcher's counseled appeal, it

---

8. Order dated April 10, 1969.

9. Opinion dated July 29, 1969.

10. In addition to these arguments, Fletcher made several other claims: (1) there was insufficient evidence to convict him; (2) his guilty plea had been unlawfully induced; (3) he had had unspecified "rights abridged;" and (4) the court had accepted his plea even though it knew he was innocent. These were all rejected.

11. "[T]he grounds asserted are the same which have been disposed of adversely to applicant in State courts (the findings and conclusions of which this Court independently adopts as its own) and are also the same that were considered in this Court and the Court of Appeals in U. S. ex rel. Fletcher v. Maroney, 280 F.Supp. 277, 279 (W.D.Pa.1968), 413 F.2d 15 (C.A.3, 1969)," Opinion cited in footnote 1, *supra*.

**448**

would have likewise been a waste of judicial effort for Judge Gourley to reconsider the *Douglas* claim.

The merits of the claims set forth in the relator's petition were fully adjudicated by this court more than two years ago. They were without merit then, and they remain so today. Further litigation on these claims will not alter their disposition. Moreover, our courts cannot afford to dissipate time and effort on these already litigated contentions, for we have before us the task of safeguarding the rights of litigants who have not yet had their opportunity in our court. We have made a special effort in this opinion to describe in detail the successive and overlapping petitions that relator has left scattered through our courts and those of the State of Pennsylvania during his extensive peregrinations. We have done this with the fervent hope that petitioner, having had his day in court, will finally step aside so that others can have theirs.

The district court's denial of Fletcher's petition for a writ of habeas corpus will be affirmed.