**UNITED STATES of America ex rel. Joseph Jude OLIVER**

v.

**Charles ZIMMERMAN, Superintendent, et al.**

**Civ. A. No. 82–2557.**

United States District Court, E.D. Pennsylvania.

May 23, 1984.

Joseph Jude Oliver, pro se.

Marc G. Brecher, Deputy Atty. Gen., Commonwealth of Pa., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

Before the Court is Joseph Jude Oliver's petition to reconsider and file amended habeas corpus petition. On August 17, 1979, Oliver was convicted of attempted burglary, criminal trespass, attempted theft and criminal mischief in Berks County Court of Common Pleas. Subsequently, he appealed to the Superior Court which affirmed the judgment against him on March 5, 1982. The Supreme Court of Pennsylvania denied allocatur on May 13, 1982. On June 14, 1982, Oliver filed his first habeas corpus petition in this Court alleging, *inter alia:*

1. That his Fourteenth Amendment rights were violated in that he was refused a free trial transcript in time to properly prepare his direct appeals;

2. That the criminal information against him had been "rubber stamped" and not validly signed by the district attorney;

3. That the trial court refused to allow him to remove from his jury all panelists with accounts at the bank he was accused of entering and attempting to burglarize;

4. That the prosecutor was improperly allowed to comment on his defense by inviting the jury to infer that Oliver's questions on cross examination of certain prosecution witnesses were a tacit admission of his guilt;

5. That he was denied the right to self-representation in that the trial court forced him to accept representation by a public defender at his bail reduction hearing.

The petition was first referred to a United States Magistrate who recommended that it be denied. We then considered and adopted the report and recommendation of the Magistrate. Finally, our decision was affirmed by the Court of Appeals for the Third Circuit. *Oliver v. Zimmerman,* 720 F.2d 766 (3d Cir.1983). All three forums carefully and independently reviewed the entire state court record as well as the specific issues raised by the petitioner.

Now we are presented with a motion to reopen the proceedings accompanied by an "amended" habeas corpus petition and supporting memorandum of law raising several arguments for still another ride on the court carousel. Oliver contends, in the first instance, that he was not represented by counsel when the original petition was filed, and so did not have the benefit of expert drafting. Counsel was appointed, however, before the Circuit Court reviewed our denial of the habeas corpus petition. The opinion expressly notes that the court "carefully considered" all the contentions raised by both Oliver and his counsel. *Id.* at 771. Any defects in the petitioner's ability to represent himself could have been, and apparently were, corrected at that time. Moreover, petitioner's argument is belied by the fact that counsel does not appear to have participated in the preparation of the documents now before the Court, which were filed *pro se.*

█ With respect to the substantive allegations of the "amended" habeas corpus petition itself, a comparison of the original petition and the one recently filed reveals that many of the same grounds for relief are repeated. Insofar as the amend-

ed petition reiterates the issues of lack of a trial transcript, allegedly prejudiced jurors, the prosecutor's argument to the jury and the "rubber stamping" of the criminal information, Oliver is not entitled to have it considered again. Although res judicata principles are not strictly applicable to habeas corpus petitions, *United States ex rel. Senk v. Brierley*, 471 F.2d 657 (3rd Cir. 1973), there are circumstances in which traditional standards of issue preclusion can apply. *Barefoot v. Estelle*, —— U.S. ——, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983); *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *United States ex rel. Fletcher v. Brierley*, 460 F.2d 444 (3d Cir.1972). Here, the Court of Appeals determined the enumerated issues adversely to the petitioner and the decision was on the merits, thus satisfying two of the three parts of the test laid down in *Sanders* and cited with approval by *Estelle* and *Fletcher*. Moreover, Oliver has failed to meet his burden with respect to the third part of the *Sanders* test in that he has not shown that justice would be served by allowing him to relitigate the issues. Consequently, his petition to reconsider will be denied insofar as it reasserts those issues recently disposed of by the Court of Appeals.

Additionally, however, there are three grounds for relief raised for the first time, apparently, in the present petition and supporting documents. First, Oliver contends that his right to a public trial was abridged because voir dire was closed to spectators due to inadequate courtroom facilities. Second, he argues that the prosecutor improperly cross-examined him as to why he didn't protest his innocence at the time of arrest, and subsequently produced a rebuttal witness to reinforce that point over defendant's vigorous objections. Finally, Oliver argues that stand-by counsel rendered ineffective assistance by failing to object to the prosecutor's conduct. None of these contentions entitles him to another habeas corpus review.

In his original petition Oliver complained that he was denied his constitutional right to represent himself by having to accept court appointed counsel at his bail reduction hearing. However, at trial, petitioner was permitted to represent himself, although standby counsel was present throughout the proceedings. Now he complains of ineffective assistance. As the Third Circuit noted, "Oliver cannot have it both ways". *Oliver, supra* at 770. Having waived his right to counsel, *Id.* he cannot now obtain relief because standby counsel respected his right to serve as his own attorney.

With respect to the prosecutor's questioning of Oliver's post-arrest failure to assert his innocence, Oliver states that he reviewed the trial transcript on April 3, 1980, and found the error then. Nowhere does he explain why he waited four years to raise it. Likewise, he fails to explain why the issue of a denial of a public trial was never raised until now. Even if he were denied the opportunity to have those issues considered in the state appellate proceedings, as he now contends, he has had three chances to litigate them in the federal courts. It appears that Oliver decided to "save" some ammunition in case the first round misfired. The Court cannot condone such tactics which only burden the system with repetitive lawsuits and constitute an abuse of the habeas corpus writ. *Estelle, supra* —— U.S. at ——, 103 S.Ct. at 3394, 77 L.Ed.2d at 1105.

Since Oliver has failed to allege any new or different grounds for relief which could not have been raised in the original petition, we refuse his request to reopen a case which should have been laid to rest by now.